IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLEN DULANEY, JR.,

                **Plaintiff,**

    v.                                                              CASE NO. 18-3109-SAC

RON KEYS, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion for Judgment on the Pleadings filed by Defendant Ron Keys (ECF No. 21). The motion was filed on September 18, 2018, and Plaintiff Allen Dulaney, Jr. has not filed a response.[1] For the reasons set forth below, Defendant's motion is granted.

**Procedural Background**

Plaintiff filed this § 1983 action on April 26, 2018, alleging that Defendants used excessive force against him. Defendants were served and filed separate Answers. Defendant Keys moved to dismiss this case pursuant to Fed. R. Civ. P. 12(c), asserting that Plaintiff's Complaint fails to state an actionable claim for excessive force and that Defendant Keys is entitled to qualified immunity.

---

[1] Local Rule 7.4(b) provides that if a response to a motion is not filed within twenty-one (21) days, the Court will consider and decide the motion as an uncontested motion. Ordinarily, the Court will grant the motion without further notice. However, the Tenth Circuit has directed that a district court may not grant a 12(b)(6) dismissal based solely on the plaintiff's failure to respond. *Issa v. Comp USA,* 354 F.3d 1174, 1177-78 (10th Cir. 2003). Instead, it "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

1

**Legal Standards**

The standard applicable to a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *See id.* at 679. Viewing the Complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

The Fourth Amendment applies to "[a]ny force used leading up to and including an arrest." *Estate of Booker*, 745 F.3d at 419. "To state a claim of excessive force under the Fourth Amendment, a plaintiff must show both that a 'seizure' occurred and that the seizure was 'unreasonable'." *Bella v. Chamberlain,* 24 F.3d 1251, 1255 (10th Cir. 1994) (citing *Brower v.. County of Inyo,* 489 U.S. 593, 599 (1989)). An excessive force claim cannot succeed unless a plaintiff can establish that the officers "used greater force than would have been reasonably necessary to effect a lawful seizure." *Cortez v. McCauley*, 478 F.3d 1108, 1127 (10th Cir. 2007). The proper application of the Fourth Amendment test of reasonableness "requires careful attention to the facts and circumstances of each particular case[.]" *Graham v. Connor*, 490 U.S. 386, 396

(1989). The issue in Fourth Amendment excessive force cases is whether, under the totality of the circumstances, an officer's use of force was objectively reasonable. *Id.* Factors to consider in determining if use of force was excessive include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

**Effect of Assertion of Qualified Immunity Defense**

When a defendant asserts a qualified immunity defense in a Rule 12(c) motion, as Defendant Keys does here, the Court applies "a heightened pleading standard, requiring the complaint to contain 'specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law.'" *Ramirez v. Dept. of Corrections, Colo.,* 222 F.3d 1238, 1241 (quoting *Dill v. City of Edmond,* 155 F.3d 1193, 1204 (10th Cir. 1998)). To defeat a defendant's claim of qualified immunity in the context of a Rule 12(c) motion, a plaintiff's complaint "must establish both that the defendant's actions violated a federal constitutional or statutory right and that the right violated was clearly established at the time of the defendant's actions." *Id.* Once the defense is raised, the burden is on the plaintiff: "[u]nless the plaintiff provides specific, non-conclusory allegations of fact sufficient to establish these elements, the official is entitled to qualified immunity." *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1194–95 (D. Kan. 2018) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

**Complaint**

The sum total of the factual allegations contained in Plaintiff's Complaint and attached exhibits[2] is as follows: (1) on October 6, 2016, Plaintiff was "snatched out of [his] front door",

---

[2] In considering a motion to dismiss, a district court not only considers the Complaint but also the attached exhibits. *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.,* 680 F.3d 1194, 1201 (10th Cir. 2011).

3

wrestled to the ground, and "thrown on top of a treadmill" by Defendant Keys (ECF No. 1 at 2), "for no good reason" (ECF No. 1-2 at 1); (2) Defendant Marsh then ran up, tased him between his shoulder blades and in his stomach and chest area, and kicked him for approximately five minutes, while at some point, Defendant Keys sat on him (ECF No. 1 at 2; ECF No. 1-2 at 1); (3) Plaintiff yelled for help and had trouble breathing (ECF No. 1 at 2); (4) Defendants were wearing body cameras (ECF No. 1 at 1); (5) Plaintiff was arrested for interference with a law enforcement officer (ECF No. 1-2 at 1); (6) Plaintiff did not receive medical attention after the incident (ECF No. 1 at 2); and (7) charges were ultimately dismissed (ECF No. 1-2 at 1).

**Analysis**

Plaintiff has not met his burden and has failed to state a claim against Defendant Keys. The facts alleged by Plaintiff do not permit the Court to infer more than the mere possibility of misconduct. *See Iqbal*, 556 U.S. at 678. Plaintiff provides no context for the incident and nothing to demonstrate that Defendant Keys' use of force ("snatching" Plaintiff and wrestling him to the ground, then sitting on him) was unreasonable. He has not established that Defendant used greater force than was necessary under the circumstances because he has not described what the circumstances were. See *Cortez*, 478 F.3d at 1129. Given the sparsity of facts in the Complaint, this Court cannot reasonably infer that Plaintiff has a plausible claim against Defendant Keys.

Because Mr. Dulaney's Complaint lacks factual support necessary for the Court to reasonably infer that he has a plausible claim for relief against Defendant Keys under § 1983, the Court grants Defendant's motion for judgment on the pleadings.

**IT IS THEREFORE ORDERED** that the Motion for Judgment on the Pleadings filed by Defendant Ron Keys (ECF No. 21) is **granted**. Plaintiff's claim against Defendant Keys is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 17th day of April, 2019, at Topeka, Kansas.

                                            **s/ Sam A. Crow**
                                            **SAM A. CROW**
                                            **U.S. Senior District Judge**